1   COUNSEL FOR PARTIES LISTED

2   ON NEXT PAGE

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10  J. ANTONIO GONZALEZ;                 Case No.  CV11-9685 SJO (CWX)
    individually, and on behalf of other
11  members of the general public similarly  [PROPOSED] ORDER RE
    situated;                            STIPULATION RE PROTECTIVE
12                                       ORDER as modified by court
                      Plaintiff,         and attached
13                                       DISCOVERY MATTER
    v.
14                                       Action Filed:  11/21/2011
15  DOUGLAS EMMETT, INC., a              First Amended Complaint: 2/13/2012
    Maryland corporation; DOUGLAS        Trial Date: 12/11/2012
16  EMMETT MANAGEMENT, INC., a
    Delaware corporation; DOUGLAS
17  EMMETT, LLC, an unknown business
    entity; and DOES 1 through 10,
18  inclusive,

19                    Defendants.

20

21

22

23

24

25

26

27

28

ITLER MENDELSON, P.C
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

ELIZABETH STAGGS WILSON, Bar No. 183160
estaggs-wilson@littler.com
SHANNON R. BOYCE, Bar No. 229041
sboyce@littler.com
SARAH M. MILSTEIN, Bar No. 266452
smilstein@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
Telephone:  310.553.0308
Facsimile:  310.553.5583

Attorneys for Defendants
DOUGLAS EMMETT, INC., DOUGLAS EMMETT MANAGEMENT, INC. and DOUGLAS EMMETT MANAGEMENT, LLC

R. REX PARRIS, Bar No. 96567
rrparris@rrexparris.com
ALEXANDER R. WHEELER, Bar No. 239541
awheeler@rrexparris.com
DOUGLAS HAN, Bar No. 232858
dhan@rrexparris.com
KITTY K. SZETO, Bar No. 258136
kszeto@rrexparris.com
R. REX PARRIS LAW FIRM
42220 10th Street West, Suite 109
Lancaster, CA 93534
Telephone: 661.949.2595
Facsimile:  661.949.7524

EDWIN AIWAZIAN, Bar No. 232943
edwin@aiwazian.com
LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, CA 91203
Telephone:  818.265.1020
Facsimile:  818.265.1021

Attorneys for Plaintiff
J. ANTONIO GONZALEZ

TTLER MENDELSON, P.C.
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

## ORDER

GOOD CAUSE appearing therefore, the terms of the Parties' Stipulation Re Protective Order filed on June 25, 2012 *and as modified by the Court* are adopted by the Court. The Parties shall adhere to the terms of the Stipulation Re Protective Order unless modified or otherwise ordered by the Court.

**IT IS SO ORDERED.**

DATED: June 29, 2012

Carla M. Woehrle

HON. CARLA WOEHRLE
UNITED STATES MAGISTRATE JUDGE

Firmwide:109862124.1 069105.1002

1.

1    COUNSEL FOR PARTIES LISTED

2    ON NEXT PAGE

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10   J. ANTONIO GONZALEZ;              Case No.  CV11-9685 SJO (CWX)
     individually, and on behalf of other
11   members of the general public similarly   **STIPULATION RE PROTECTIVE**
     situated;                         **ORDER**
12
13                  Plaintiff,         Action Filed:  11/21/2011
                                       First Amended Complaint: 2/13/2012
14   v.                                Trial Date: 12/11/2012

15   DOUGLAS EMMETT, INC., a
     Maryland corporation; DOUGLAS
16   EMMETT MANAGEMENT, INC., a        *Note change Made*
     Delaware corporation; DOUGLAS     *by court*
17   EMMETT, LLC, an unknown business
     entity; and DOES 1 through 10,
18   inclusive,

19                  Defendants.

20

21

22

23

24

25

26

27

28

ITTLER MENDELSON, P.C
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310.553.0308

ELIZABETH STAGGS WILSON, Bar No. 183160
estaggs-wilson@littler.com
SHANNON R. BOYCE, Bar No. 229041
sboyce@littler.com
SARAH M. MILSTEIN, Bar No. 266452
smilstein@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
Telephone:  310.553.0308
Facsimile:  310.553.5583

Attorneys for Defendants
DOUGLAS EMMETT, INC., DOUGLAS EMMETT MANAGEMENT, INC. and DOUGLAS EMMETT MANAGEMENT, LLC

R. REX PARRIS, Bar No. 96567
rrparris@rrexparris.com
ALEXANDER R. WHEELER, Bar No. 239541
awheeler@rrexparris.com
DOUGLAS HAN, Bar No. 232858
dhan@rrexparris.com
KITTY K. SZETO, Bar No. 258136
kszeto@rrexparris.com
R. REX PARRIS LAW FIRM
43364 10th Street West
Lancaster, CA 93534
Telephone: 661.949.2595
Facsimile: 661.949.7524

EDWIN AIWAZIAN, Bar No. 232943
edwin@aiwazian.com
LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, CA 91203
Telephone: 818.265.1020
Facsimile: 818.265.1021

Attorneys for Plaintiff
J. ANTONIO GONZALEZ

ITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

## BACKGROUND

This lawsuit is a collective action arising from J. Antonio Gonzalez's ("Plaintiff") employment with Defendant Douglas Emmett Management, LLC ("Defendant" or "DEM, LLC"). DEM, LLC manages office properties and apartment communities in Southern California. Plaintiff, who was formerly employed as a utility engineer at one of DEM, LLC's Southern California locations, alleges causes of action for unpaid overtime and unpaid minimum wages and purports to represent "[a]ll current and former non-exempt or hourly-paid employees who worked for [DEM, LLC] at any time during the period of three years prior to the filing of the initial complaint to the present and chose to opt-in to this action." (Plaintiff's First Amended Complaint ("FAC"), p. 3:1-4.)

## GOOD CAUSE STATEMENT

One of the issues in this case is whether or not Plaintiff, and the putative class members he seeks to represent, are owed minimum and overtime wages, and whether or not Plaintiff's claims may proceed as a collective action under 29 U.S.C. §216(b). Plaintiff asserts that members of the class were not paid overtime or minimum wages, while Defendants contend the putative class members were properly compensated for all hours worked. Therefore, Defendants anticipate producing information and documents related to the job duties of utility engineers, and other non-exempt employees, which include confidential and/or propriety documents and information related to the business and operations of Defendants, including, but not limited to, safety and security, contracts with third party vendors, private information related to tenants, confidential revenue information, and internal procedures and policies regarding business operations and tenant relations.

Given the nature of DEM, LLC's business, as well as the business of the other Defendants in this matter, Defendants contend that maintaining the confidential nature of the foregoing information and documents is vital to ensuring their business

TTLER MENDELSON, P.C
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

1.

operations are not compromised, tenant's private information is maintained as confidential, and/or their security measures are not breached. Should the foregoing information be made available to the general public or if disclosed in this Action without restriction on its use or further disclosure, Defendants' contend that their operations, employees, and/or tenants are at risk of being harmed and/or damaged.

THEREFORE, believing that good cause exists, and in order to facilitate the exchange of information, the Parties hereby stipulate that, subject to the Court's approval, the following procedures shall be followed in this Action to facilitate the orderly and efficient discovery of relevant information, while minimizing the potential for unauthorized disclosure or use of the personal, private, confidential, and/or proprietary information, as identified above.

1.     PURPOSE OF STIPULATION AND PROTECTIVE ORDER:

It is the purpose of this Protective Order to allow the Parties and/or their counsel to this lawsuit to have reasonable access to information from the other parties to this lawsuit while providing those Parties and third-parties with a means for limiting access to, and disclosure of, personal, private, confidential, and/or proprietary information that is produced in this lawsuit in discovery.

This Stipulation re Protective Order shall remain in effect until the commencement of trial, except that either of the Parties may move the Court in advance of trial to proceed otherwise, upon a showing of good cause.

Once a case proceeds to trial, all of the information that was designated as confidential and/or kept and maintained pursuant to the terms of a protective order becomes public and will be presumptively available to all members of the public, including the press, unless good cause is shown to the district judge in advance of the trial to proceed otherwise.

2.     DEFINITIONS.

(a)     Party. "Party" means any of the named parties to this action, and

TTLER MENDELSON, P.C
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90087 3107
310.553 0308

in the case of Defendants, their affiliates, and their respective officers, directors and employees, except for individuals that have been employed by DEM, LLC (or any of them) as non-exempt employees in California at any time, since November 21, 2008.

(b)     Counsel.  "Counsel" means: counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below:

> LITTLER MENDELSON
>
> 2049 Century Park East, Suite 500
>
> Los Angeles, CA 90067
>
>
> R. REX PARRIS LAW FIRM
>
> 43364 10th Street West
>
> Lancaster, CA 93534
>
>
> LAWYERS *for* JUSTICE
>
> 410 West Arden Avenue, Suite 203
>
> Glendale, California 91203

(c)     Discovery Material.  "Discovery Material" means any information, document, tangible thing, response to discovery requests, deposition testimony or transcript, and any other similar materials, or portions thereof.

(d)     Designating Party.  "Designating Party" means a Party to this action that designates materials produced or utilized in this litigation by any Party or any third party (pursuant to subpoena or otherwise), as "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION."

(e)     Receiving Party.  "Receiving Party" means a Party to this action and all employees, agents and directors (other than Counsel) of the Party whose

TTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

3.

review of PROTECTED MATERIAL, defined below at subsection (h), is required for the conduct of the above-entitled litigation, and who receives Discovery Material.

(f)     Confidential Information. "CONFIDENTIAL INFORMATION" is defined herein as confidential and/or proprietary documents and information related to the business and operations of Defendants, including, but not limited to, safety and security, contracts with third party vendors, private information related to tenants, confidential revenue information, and internal procedures and policies regarding business operations and tenant relations.

(g)     Attorneys' Eyes Only Information.   "ATTORNEYS' EYES ONLY INFORMATION" is defined herein as CONFIDENTIAL INFORMATION which constitutes, discloses, reveals, describes or discusses, in whole or in part, trade secrets, and information about any Party's net worth, financial statements or budgets.

(h)     Protected Material.   "Protected Material" means any Discovery Material, and any notes or other records embodying or disclosing the contents of such Discovery Material, that is designated as "Confidential" or "Attorneys' Eyes Only" in accordance with Paragraphs 3(a) or 3(b) below.

(i)     Professional Vendor.   "Professional Vendor" means persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium) and their employees and subcontractors.

(j)     Independent Expert.   "Independent Expert" means an expert and/or independent consultant, including but not limited to jury consultants, actually retained or employed to advise or to assist counsel in the preparation and/or trial of this action and who is not employed by a Party, or any affiliate of any Party, to whom it is necessary or useful to disclose Protected Material for the purpose of this action.

3.     DESIGNATION OF PROTECTED MATERIAL.

(a)     Any document, any information produced on magnetic disks or

ITLER MENDELSON, P.C
A Professional Corporation
2040 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310.553.0308

4.

other computer-related media, and any portion of oral testimony produced or given in this action that is asserted by any Party to contain or constitute CONFIDENTIAL INFORMATION shall be so designated by such Party. Each page of each document, and the front of each disk, that contains CONFIDENTIAL INFORMATION shall be marked on its face with the legend "CONFIDENTIAL." Transcript pages containing or constituting CONFIDENTIAL INFORMATION shall be separately bound by the court reporter and marked "CONFIDENTIAL" on each page. If a Receiving Party wishes to show non-CONFIDENTIAL portions of a document or transcript containing CONFIDENTIAL INFORMATION to a person or party not described below in Paragraph 4(a), it shall first redact all pages designated CONFIDENTIAL.

(b)     Any portion of any document, any information produced on magnetic disks or other computer-related media, and oral testimony produced or given in this action that is asserted by any Party to contain or constitute ATTORNEYS' EYES ONLY information shall be so designated either by the Producing Party, or the Designating Party (if different). Each page of each document, and the front of each disk, shall be marked on its face with the legend "ATTORNEYS' EYES ONLY" Transcript pages containing or constituting ATTORNEYS' EYES ONLY INFORMATION shall be separately bound by the court reporter and marked ATTORNEYS' EYES ONLY on each page. If the Receiving Party wishes to show non-ATTORNEYS' EYES ONLY portions of a document or transcript containing ATTORNEYS' EYES ONLY INFORMATION to a person or party not described below in Paragraph 4(b), it shall first redact all pages designated ATTORNEYS' EYES ONLY.     All designations of CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION shall be made on or before the time of the production of the information, except in the case of a production made by a third party to the action.     In such case, a Designating Party may make such designation within ten calendar days of receipt of such production. For a period of ten

TTLER MENDELSON, P.C
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310.553 0308

5.

calendar days from the date of such production, the information shall be treated as if it was produced pursuant to a designation of CONFIDENTIAL INFORMATION.

4.    ACCESS TO PROTECTED MATERIAL.

(a)    In the absence of written permission from a Designating Party or an order of the Court, any CONFIDENTIAL INFORMATION produced or designated in accordance with the provisions of Paragraph 3(a) above shall be used solely for purposes of the prosecution and defense of the above-entitled litigation or the prosecution and defense of *Antoinette Lindsay, individually and on behalf of other members of the general public similarly situated, and on behalf of aggrieved employees pursuant to the Private Attorneys General Act ("PAGA") vs. Douglas Emmett, Inc., a Maryland corporation; Douglas Emmett Management, Inc., a Delaware corporation; Douglas Emmett, LLC, an unknown business entity; and DOES 1 through 100, inclusive,* Case No. BC466315 ("Lindsay Lawsuit"); *Manny Vinluan, individually and on behalf of other members of the general public similarly situated, and on behalf of aggrieved employees pursuant to the Private Attorneys General Act ("PAGA") vs. Douglas Emmett, Inc., a Maryland corporation; Douglas Emmett Management, Inc., a Delaware corporation; Douglas Emmett, LLC, an unknown business entity; and DOES 1 through 100, inclusive,* Case No. BC474960 ("Vinluan Lawsuit"); *Jeremy Wiss; individually and on behalf of other members of the general public similarly situated vs. Douglas Emmett, Inc., a Maryland corporation; Douglas Emmett Management, Inc., a Delaware corporation; Douglas Emmett, LLC, an unknown business entity; and DOES 1 through 100, inclusive,* Case No. BC474789 ("Wiss Lawsuit"); or *Tomasa Rodriguez; individually and on behalf of other members of the general public similarly situated vs. Douglas Emmett, Inc., a Maryland corporation; Douglas Emmett Management, Inc., a Delaware corporation; Douglas Emmett, LLC, an unknown business entity; and DOES 1 through 100, inclusive,* Case No. BC478699 ("Rodriguez Lawsuit") and shall not be disclosed to or discussed with

TTLER MENDELSON, P.C
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

any person other than: (a) the Receiving Party; (b) Counsel for the Receiving Party; (c) employees of the Receiving Party whose review of such information is required for the conduct of the above-entitled litigation, the Lindsay Lawsuit, the Vinluan Lawsuit, the Wiss Lawsuit, and/or the Rodriguez Lawsuit; (d) Professional Vendors and Independent Experts who are engaged for the purpose of this action, the Lindsay Lawsuit, the Vinluan Lawsuit, the Wiss Lawsuit, and/or the Rodriguez Lawsuit by the Party receiving the information and their support personnel; (e) the individual who authored, prepared or received the information; and (f) certified court reporters taking testimony involving such CONFIDENTIAL INFORMATION.

(b)     In the absence of written permission from a Designating Party or an order of the Court, any ATTORNEYS' EYES ONLY INFORMATION produced in accordance with the provisions of Paragraph 3(b) above shall be used solely for purposes of the prosecution and defense of the above-entitled litigation or the prosecution and defense of the Lindsay Lawsuit, the Vinluan Lawsuit, the Wiss Lawsuit, and/or the Rodriguez Lawsuit and shall not be disclosed to or discussed with any person other than: (a) Counsel for the Receiving Party; (b) certified court reporters taking testimony involving such ATTORNEYS' EYES ONLY INFORMATION and their support personnel; (c) Professional Vendors and Independent Experts (and their support personnel) who are engaged for the purpose of this action, the Lindsay Lawsuit, the Vinluan Lawsuit, the Wiss Lawsuit, and/or the Rodriguez Lawsuit by the Party or Counsel receiving the information; and (d) the individual or individuals who authored, prepared, or lawfully received the information.

(c)     Custody of Protected Material.    All documents containing information designated "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" and notes or other records regarding that information shall be maintained in the custody of Counsel for the Parties, and no partial or

TTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310.553.0308

7.

complete copies thereof containing Protected Material shall be retained by anyone else, except that (i) Professional Vendors and Independent Experts may retain documents containing Protected Material on a temporary basis not to exceed the length of time reasonably necessary for purposes of study, analysis, and preparation of the case, and (ii) the Parties to the action may retain documents containing CONFIDENTIAL INFORMATION on a temporary basis not to exceed the length of time reasonably necessary for purposes of study, analysis, and preparation of the case. A person with custody of Protected Material shall maintain it in a manner that limits access to qualified persons.

(d)     Independent Expert.  Subject to the provisions of this Order, all Protected Material may be disclosed to any Independent Expert who has agreed in writing or on the record of a deposition to be bound by this Order.  Counsel need not identify the prospective expert to the other parties, except as ordered by the Court or as required by the Federal Rules of Civil Procedure.

(e)     Professional Vendors.  Subject to the provisions of this Order, all Protected Material may be disclosed to Professional Vendors who have agreed in writing to be bound by this Order.  Counsel need not identify the prospective Professional Vendor to the other parties.

(f)     Acknowledgement of Protective Order.  Except for the Court or its personnel, before obtaining access to any Protected Material covered by this Protective Order, any qualified person who is permitted to have access to Protective Material under this Protective Order must signify assent to the terms of this Protective Order by executing the acknowledgement attached as Appendix A, indicating that they have read and understood this Protective Order and agree to be bound by its terms.

(g)     Disclosure Pursuant to Consent.  Protected Material also may be disclosed to anyone so authorized by prior written consent of the Designating Party.

TTLER MENDELSON, P.C
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

8.

(h)     Conduct of Deposition.  Where testimony at a deposition involves disclosure of CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, such deposition, or portion thereof, shall be taken only in the presence of persons who are permitted access to such information under this Stipulated Protective Order.

(i)     Disclosure of Confidential Transcripts to the Deponent. Deposition transcripts containing Protected Material may be shown to the deponent for the purpose of correction, but the deponent may not retain a copy of the transcript unless (s)he agrees to be bound by this Protective Order by signing a copy of the Acknowledgement Form.

(j)     The limitation on disclosure contained in this Protective Order shall not apply to documents or information that (i) were already in the possession of the Receiving Party; or (ii) are or become published or available in a lawful manner that is not in violation of this Protective Order.  Nothing in this Stipulated Protective Order shall be deemed to restrict in any way any Party's own documents or information, or his or its attorneys with respect to that Party's own documents or information.

5.     COURT PROCEDURES.

(a)     The Parties agree that persons employed by the United States District Court have no duty to the Parties to protect or maintain the confidentiality of any information in any papers filed with the Court, except as imposed upon them by the Federal Rules of Civil Procedure, the Local Rules for the Central District, or other governing regulations or statutes.

(b)     Except when the filing under seal is otherwise authorized by statute or federal rule, if Protected Material is included in any papers to be filed with the Court, such papers shall be accompanied by an application to the papers pursuant to Local Rule 79-5, or confidential portion thereof, under seal; the application must

TTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

9.

show good cause for the under seal filing.  Pending the ruling on the application, the papers or portion thereof subject to the sealing application shall be lodged under seal.

~~(e)   Any Court hearing which refers to or describes ATTORNEYS' EYES ONLY INFORMATION or CONFIDENTIAL INFORMATION shall in the Court's discretion be in camera.~~

6.   HANDLING OF PROTECTED MATERIAL.

(a)   Before a court reporter receives any CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, he or she first shall have read this Order and agreed in writing or on the record to be bound by the terms thereof.

(b)   Nothing herein shall restrict a qualified recipient from making working copies, abstracts, digests and analysis of Protected Information for use in connection with the above-entitled litigation, the Lindsay Lawsuit, the Vinluan Lawsuit, the Wiss Lawsuit, and/or the Rodriguez Lawsuit, and such working copies, abstracts, digests and analysis shall be deemed to have the same level of protection under the terms of this Order.  Further, nothing herein shall restrict a qualified recipient from converting or translating such information into machine-readable form for incorporation in a data retrieval system used in connection with this action, provided that access to such information, in whatever form stored or reproduced, shall be limited to qualified recipients.

(c)   If, after the Parties have executed this Stipulation, and it is approved by the Court, a Party through inadvertence produces any CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION without labeling or marking or otherwise designating it as such in accordance with the provisions of this Protective Order, the Party may give written notice to the Receiving Party that the document or thing produced is deemed CONFIDENTIAL INFORMATION, or ATTORNEYS' EYES ONLY INFORMATION and should be treated as such in

TTLER MENDELSON, P.C
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310.553.0308

accordance with the provisions of this Protective Order. The Receiving Party must treat such documents and things with the noticed level of protection from the date such notice is received. Promptly upon providing such notice to the Receiving Party, the Party which has provided notice as set forth herein shall provide the Receiving Party with another copy of the documents or things that bear the new designation under this Order, at which time the Receiving Party shall return the originally-produced documents and things. The Receiving Party's disclosure, prior to the receipt of notice of a new designation, to persons not authorized to receive such information shall not be deemed a violation of this Protective Order. However, the Receiving Party shall make a good faith effort to immediately retrieve such information from such persons not authorized to receive such information and to obtain agreement from the person to whom the disclosure was made to be bound by this Protective Order. If such efforts are unsuccessful, the Receiving Party shall notify the Party that has provided notice as set forth herein of the disclosure and the identity of the person or entity to whom the disclosure was made.

(d)     A Party or present employee of a Party may be shown at the time he or she is testifying under oath, may be examined and may testify concerning all CONFIDENTIAL INFORMATION and ATTORNEYS' EYES ONLY INFORMATION produced by that Party.

(e)     A former employee of a Party may be shown at the time he or she is testifying under oath, may be examined and may testify concerning all ATTORNEYS' EYES ONLY INFORMATION by that Party which pertains to the period or periods of his or her employment. A former employee of a Party may be shown at the time he or she is testifying under oath, may be examined and may testify concerning all CONFIDENTIAL INFORMATION and ATTORNEYS' EYES ONLY INFORMATION, provided that he or she agrees to be bound by this Protective Order by signing a copy of the Acknowledgement Form.

TTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

11.

(f)     Non-parties may be shown, may be examined and may testify concerning any document containing CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION provided that he or she agrees to be bound by this Protective Order by signing a copy of the Acknowledgement Form.

(g)     If such designation is not made at the time of the deposition, any transcript containing CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION shall be designated as containing such information by no later than fourteen (14) days after the date of the Designating Party's Counsel's receipt of the deposition transcript, which designation shall be in writing served on all Parties.

7.     DESIGNATION NOT DETERMINATIVE OF STATUS.

A Party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  All challenges to the propriety of a confidentiality designation shall first be made in writing by letter or other document identifying the specific material challenged.  Within fourteen (14) days of such a challenge, the Designating Party shall substantiate the basis for such designation in writing to the other Party.  If the dispute cannot be resolved, the Receiving Party shall bring a motion seeking to remove the designation pursuant to Local Rule 37.

8.     RIGHT TO FURTHER RELIEF.

Nothing in this Protective Order shall abridge the right of any person to seek judicial modification or amendment of this Order.

9.     RIGHT TO ASSERT OTHER OBJECTIONS.

This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing Discovery Material.

10.     FINAL DISPOSITION.

TTLER MENDELSON, P.C
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

12.

Within sixty (60) days after final termination of this action, each Party shall assemble all documents and things furnished and designated by any other Party or non-party as containing CONFIDENTIAL INFORMATION and/or ATTORNEYS' EYES ONLY INFORMATION and all copies, summaries and abstracts thereof, and shall return such documents and things to the Producing Party; provided, however, that the attorneys of record for each Party shall be entitled to retain all pleadings, motion papers, hearing and deposition transcripts, legal memoranda, correspondence, work product and attorney-client communications that include or are derived from Protected Material, except that counsel for Plaintiff may not retain any documents or other media reflecting the contact information for Defendants' current and former employees other than those who voluntarily have entered into an attorney-client relationship with Plaintiff's counsel.

11. NO CONTRACT.

This stipulation is for the Court's consideration and approval as an order. It shall not be construed to create a contract between the Parties or between the Parties and their respective counsel.

12. AMENDMENT.

The provisions of this Stipulation and Protective Order may be modified at any time by stipulation of the Parties as approved by Order of the Court. In addition, a Party may, at any time, apply to the Court for modification of this Stipulation and Protective Order pursuant to a motion brought in accordance with the rules of the Court.

13. SURVIVAL OF OBLIGATIONS.

The obligations created by this Protective Order shall survive the termination of this lawsuit unless otherwise modified by the Court. The Court shall retain jurisdiction, even after termination of this lawsuit, to enforce this Protective Order and to make such amendments and modifications to this Order as may be

TTLER MENDELSON, P.C.
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

appropriate.

14.   **EXECUTION AND COUNTERPARTS.**

This Stipulation re Protective Order may be executed in one or more identical counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Signatures via facsimile or e-mail of any Party upon the signature page of this Stipulation re Protective Order shall be binding upon the Parties hereto and may be submitted as though such signatures were original signatures.

IT IS SO STIPULATED.

Dated:  June 18, 2012

LITTLER MENDELSON
A Professional Corporation

ELIZABETH STAGGS WILSON
SHANNON R. BOYCE
SARAH M. MILSTEIN
Attorneys for Defendants
DOUGLAS EMMETT, INC.,
DOUGLAS EMMETT
MANAGEMENT, INC., AND
DOUGLAS EMMETT
MANAGEMENT, LLC

Dated:  June 2, 2012

R. REX PARRIS LAW FIRM

R. REX PARRIS
ALEXANDER R. WHEELER
DOUGLAS HAN
KITTY K. SZETO
Attorneys for Plaintiff
J. ANTONIO GONZALEZ,
individually, and on behalf of other
members of the general public similarly
situated

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

14.

1

2   Dated:   June 12, 2012                        LAWYERS *for* JUSTICE, PC

3

4                                                 _Maria Chickuan_
                                                  EDWIN AIWAZIAN
5                                                 MARIA F. NICKERSON
                                                  JILL J. PARKER
6                                                 Attorneys for Plaintiff
                                                  J. ANTONIO GONZALEZ,
7                                                 individually, and on behalf of other
                                                  members of the general public similarly
8                                                 situated

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TTLER MENDELSON, P.C.
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

15.

## **EXHIBIT A**

**Assurance of Compliance**

Case: <u>J. Antonio Gonzalez vs. Douglas Emmett, Inc., et al.</u>

United States District Court for the Central District of California

Case No.  CV11-9685 SJO (CWX)

I, _____ , declare under penalty of perjury under the laws of the United States of America and State of California that I have read in its entirety the Stipulated Protective Order in the above-referenced lawsuit, and agree to adhere to and be bound by its terms.  I hereby submit to the jurisdiction of the United States District Court for the Central District of California, for the purpose of enforcement of the Confidentiality Agreement.


SIGNED:_____


DATED:_____

Firmwide:109861344.1 069105.1002

TTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310.553.0308